IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

BENNIE MAC JOINER AND WIFE,
DEBRA R. JOINER,                                                    PLAINTIFFS

AND

BCAM SELF-INSURER'S FUND                    INTERVENOR PLAINTIFF

v.                                   **CIVIL ACTION NO. 1:09-CV-00093-GHD-DAS**

GENLYTE THOMAS GROUP, L.L.C.,
a/k/a DAY-BRITE CAPRI OMEGA             DEFENDANT/THIRD-PARTY PLAINTIFF

v.

SUBCON PRODUCTS, INC., d/b/a
PARAFLEX INDUSTRIES, INC.                      THIRD-PARTY DEFENDANT

**OPINION DENYING THE THIRD-PARTY DEFENDANT'S MOTION TO DISMISS
OR, ALTERNATIVELY, FOR SUMMARY JUDGMENT**

Presently before the Court is the Third-Party Defendant's motion to dismiss or, alternatively, for summary judgment [137]. Because the Third-Party Defendant has submitted matters outside the pleadings which this Court shall not exclude, the motion shall be considered a motion for summary judgment brought pursuant to Rule 56 of the Federal Rules of Civil Procedure. After due consideration of the record, rules, and authorities, the Court finds that the motion should be denied.

*A. Factual and Procedural Background*

On April 9, 2009, the Plaintiffs Bennie Mac Joiner and his wife, Debra R. Joiner (the "Plaintiffs"), filed this products liability action against Genlyte Thomas Group, L.L.C., also known as Day-Brite Capri Omega ("Genlyte"). The Plaintiffs allege that Bennie Mac Joiner

1

("Mr. Joiner"), an employee of Triplett Electric Company, was erecting a light pole at Golden Triangle Regional Airport in Columbus, Mississippi, when three of the flood lights suddenly fell from the overhead pole and struck Mr. Joiner's head, rendering him unconscious. The Plaintiffs further allege that Genlyte was engaged in the business of designing, manufacturing, and selling overhead lighting apparatuses, including the one at issue in this case. The Plaintiffs assert strict liability claims under the Mississippi Products Liability Act (the "MPLA"), Mississippi Code § 11-1-63, based on defective design, failure to warn, and defective manufacture, as well as common law negligence and spoliation of evidence claims. At the time of filing, the Plaintiffs acknowledged their ignorance of any other opposing parties.

Discovery apparently revealed that a fractured bracket known as an integral slip fitter ("ISF") had caused the light fixture to fall. On August 18, 2010, Genlyte filed a motion for leave of court to file a third-party complaint [92] against SubCon Products, Inc., doing business as Paraflex Industries ("SubCon"). The magistrate entered an Order granting the motion [96]. Genlyte's third-party complaint against SubCon averred that (a) SubCon had designed, manufactured, and sold the ISF to Genlyte; (b) Genlyte had incorporated the ISF as an assembly component for its floodlights; and (c) SubCon was liable for any judgment rendered against Genlyte in the underlying action.

On April 22, 2011, the Plaintiffs filed a motion for leave of court to amend the pleadings and join SubCon as a party to the action [130]. The magistrate subsequently denied this motion finding that relation back was not appropriate under Rule 15(c) of the Federal Rules of Civil Procedure. The magistrate's ruling was not appealed. SubCon has now filed this motion to dismiss itself as a party or, alternatively, for summary judgment [137].

*B. Standard of Review*

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." FED. R. CIV. P. 12(d). Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322, 106 S. Ct. 2548.

The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323, 106 S. Ct. 2548. Under Rule 56(a) of the Federal Rules of Civil Procedure, the burden then shifts to the non-movant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S. Ct. 2548; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient" to preclude summary judgment; instead, "there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct.

2505, 91 L. Ed. 2d 202 (1985). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). It is well settled in the Fifth Circuit that "the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case 'where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant.' " *Little*, 37 F.3d at 1075 (internal citations omitted).

## C. Discussion

The Third-Party Defendant SubCon has filed a motion requesting dismissal of Genlyte's third-party complaint, or alternatively, for summary judgment on the issues of statutory notice and lack of underlying liability under the MPLA. Because SubCon has attached to the motion exhibits on matters outside the pleadings, including deposition testimony, this Court will apply the summary judgment standard.

Genlyte and SubCon agree that Genlyte failed to provide notice of the Plaintiffs' claim to SubCon to sustain an indemnity claim under the MPLA, Mississippi Code § 11-1-63. However, the two parties dispute whether Genlyte has a claim for indemnity against SubCon at common law that, by definition, is not governed by the MPLA. SubCon contends that this products liability action is exclusively governed by the MPLA and thus that any indemnity claim would be required to fall within the purview of the MPLA. The specific legal question this Court has before it is whether Genlyte may maintain a common law indemnity claim against SubCon notwithstanding Mississippi's products liability statute. In order to address the merits of Genlyte's common law indemnity claim against SubCon, the Court must address the Plaintiffs'

common law negligence claim. Because this issue affects the viability of the Plaintiffs' common law negligence claim, pursuant to Rule 56(f) of the Federal Rules of Civil Procedure, the Court gave the parties notice that it was considering the viability of the Plaintiffs' common law negligence claim and requested supplemental briefing from the parties. The parties have responded with vigor. The Court now turns to the question before it, first addressing the viability of the Plaintiffs' common law negligence claim in this products liability action, and second, addressing the viability of the indemnity claim brought by Genlyte against SubCon.

"The function of the Court is not to decide what a statute *should* provide, but to determine what it *does* provide." *Lawson v. Honeywell Int'l, Inc. f/k/a Allied Signal, Inc.*, 75 So. 3d 1024, 1027 (Miss. 2011) (citing *Russell v. State*, 94 So.2d 916, 917 (Miss. 1957)) (emphasis added). "If the words of a statute are clear and unambiguous, the Court applies the plain meaning of the statute and refrains from using principles of statutory construction." *Id.* (citation omitted). The statute entitled "Products Liability Suits" states that it applies "in any action for damages caused by a product except for commercial damage to the product itself." MISS. CODE ANN. § 11-1-63. This suit certainly seeks damages caused by a product and does not seek damages for commercial damage to the product itself. However, "[t]he Court looks to the whole of a statute to avoid adhering to one sentence or phrase of statute in a way that skews its true meaning." *Lawson*, 75 So. 3d at 1029. The MPLA *in toto* "provid[es] true strict liability in deviation/manufacturing defect cases, while employing what is essentially a negligence analysis in design defect and inadequate warning cases." WEEMS, MISSISSIPPI LAW OF TORTS. "[W]hile a negligence claim might be redundant in light of the MPLA, there is no clear indication that the Mississippi Supreme Court would find negligence claims abrogated by the statute." *Richardson*

5

*v. West-ward Pharms., Inc.*, No. 5:09-cv-167, 2010 WL 3879541, at *2 (S.D. Miss. Sept. 28, 2010).[1]

The Plaintiffs in the case *sub judice* assert strict liability claims for defective design, failure to warn, and defective manufacture, as well as a common law negligence claim. "[W]hen a plaintiff claims defective design under the MPLA, a jury instruction on negligence is not necessary . . . because the risk-utility test [in the MPLA] requires the jury to reach a conclusion about the manufacturer's conduct[;] the test is a version of Judge Learned Hand's negligence calculus. Therefore, . . . a jury performing risk-utility analysis necessarily makes a negligence determination." *Hankins v. Ford Motor Co.*, No. 3:08-cv-639, 2011 WL 6180410, at *4–5 (S.D. Miss. Dec. 13, 2011) (quoting *Palmer v. Volkswagon of America, Inc.*, 905 So. 2d 564, 599–600 (Miss. App. 2003) (internal quotation marks omitted)). *See also Jowers v. BOC Group, Inc.*, 2009 WL 995613, at *4 (S.D. Miss. Apr. 14, 2009) *aff'd in part, vacated in part on other grounds, and remanded sub nom., Jowers v. Lincoln Elec. Co.*, 617 F.3d 346 (5th Cir. 2010) (United States District Court for the Northern District of Ohio judge sitting by designation in the Southern District of Mississippi in a products liability case reviewed the relevant case law and surmised that "the greater weight of the somewhat-mixed authority holds that negligence-based claims of product defect [against a manufacturer] are abrogated by the MPLA.").

This Court finds that Plaintiffs' common law negligence claim in the case *sub judice* is repetitive of the defective design claim asserted under the MPLA, as it presents no new discussion or claim of the defective design claim asserted under the MPLA, and as such, "relates back" to the defective design claim. *See McKee v. Bowers Window & Door Co.*, 64 So. 3d 926,

---

[1] The Northern District of Mississippi has held that in enacting the MPLA "the legislature did not intend to abrogate the long established common law theory of negligence [with respect to warranty claims] . . . ." and it was "reasonable to presume the legislature did not intend to preclude that which was so prevalent in practice." *Taylor v. GM Corp.*, No. 1:96CV179-B-A, 1996 WL 671648, at *2 (N.D. Miss. Aug. 6, 1996); *accord Williams v. Daimler Chrysler Corp.*, No. 4:06CV188-P-S, 2008 WL 2817097, at *3 (N.D. Miss. July 18, 2008) (citing *Childs v. GM Corp.*, 73 F. Supp. 2d 669, 672 (N.D. Miss. 1999)).

933 (Miss. 2011) (in suit against window seller based on products liability and negligence claims, examining negligence claim separately and finding negligence claim related back to products liability claim).

However, the Plaintiffs' common law negligence claim is not repetitive of the manufacturing defect claim asserted under the MPLA. As the Plaintiffs point out in their thorough and well-reasoned brief, their negligent manufacture claim based on common law negligence principles presents a claim distinct from that of the manufacturing defect claim asserted under the MPLA; the Plaintiffs allege that Genlyte "breached its duty to manufacture a reasonably safe product." Pls.' Mem. Resp. to Order [171] at 2. Such a claim does not track the language of the MPLA and can exist alongside manufacturing defect claims brought under the statute. The Fifth Circuit has determined under Mississippi law that "[t]he risk-utility analysis applies to design defect cases, not manufacturing defect cases." *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). The Plaintiffs sum this up as follows: "Design defect claims under the MPLA require the consideration of negligence principles, but manufacturing defect claims under the MPLA are based on classic, faultless strict liability in tort which does not incorporate principles of negligence." Pls.' Mem. Resp. to Order [171] at 8. The Court agrees as to the viability of the Plaintiffs' common law negligence claims. The Court now turns to Genlyte's third-party indemnity claims against SubCon.

Genlyte has asserted third-party claims against SubCon pursuant to the MPLA, specifically, Mississippi Code § 11-1-63(g), as well as "the doctrine of implied indemnity." Third-Party Compl. [97] ¶ 8. Genlyte maintains in its third-party complaint [97] that "[t]he ISF at issue was designed, manufactured, and sold by [SubCon] to [Genlyte] who incorporated the ISF as an assembly component for its floodlights." *Id.* ¶ 6. In SubCon's answer to the third-

party complaint [107], SubCon denies that it designed, manufactured, and sold the product to Genlyte. Answer & Defenses to Third-Party Compl. [107] ¶ 8. Genlyte now contends in its responsive briefing that discovery has revealed that SubCon "contracted with a Chinese foundry to do the actual physical work of creating the part" and thus that SubCon "may not even be a 'manufacturer' against whom the MPLA's indemnity provision would apply." Genlyte's Resp. to Pls.' Br. [172] at 3. SubCon contends that it is "a manufacturer, or at minimum, seller of the product at issue." SubCon's Supplemental Mem. Authorities [173] at 5. The Court finds there is a genuine dispute of material fact as to whether SubCon is the manufacturer of the product at issue. The viability of the indemnity claims will depend in part upon whether SubCon is, in fact, the product's manufacturer. Thus, this Court finds that the Third-Party Defendant SubCon's motion to dismiss or, alternatively, for summary judgment [137] should be denied. The Court will be willing to revisit this issue on summary judgment after it is determined who is the manufacturer of the product at issue.

Therefore, Third-Party Defendant SubCon's motion to dismiss, or, alternatively for summary judgment [137] is DENIED. A separate order in accordance with this opinion shall issue this day.

It is SO ORDERED, this, the 21st day of February, 2012.

_____
SENIOR JUDGE

8